CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 09 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT LEE SMITH, #26722, ) | Civil Action No. 7:05CV 00348 |
|     Petitioner, ) | Criminal Action No. 1:03CR00093 |
| ) | |
| v. ) | OPINION |
| ) | |
| UNITED STATES, ) | By: James P. Jones |
|     Respondent. ) | Chief United States District Judge |

Petitioner Robert Lee Smith, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Smith requests re-sentencing on his 2004 federal conviction as a result of the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). However, because the court finds that neither case applies to petitioner, Smith's motion must be dismissed.

## I. Procedural History

On April 9, 2004, Smith pled guilty to transportation of stolen goods, in violation of 18 U.S.C. §§ 2 and 2314. On July 1, 2004, the court sentenced Smith to 24 months in prison. Smith did not appeal this decision. Smith signed the instant motion on May 10, 2005.

## II. Analysis

Smith's petition conforms to 28 U.S.C. § 2242, which outlines the requirements for a petition for a writ of habeas corpus. In addition, Smith meets the requirements of 28 U.S.C. § 2255 because he was in custody pursuant to a judgment of the United States District Court for the Western District of Virginia at the time of the petition, and remains in custody to this day.

Smith alleges that his sentence violates the rule in Blakely. However, the Court of Appeals for the Fourth Circuit rejected this argument in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004) (holding that Blakely did not apply to the United States Sentencing Guidelines). Although he does not specifically make the claim, the court assumes that Smith feels that his sentence violates the rule in Booker. However, Smith's conviction became final prior to the decision in Booker and this court holds that Booker does not apply retroactively to cases on collateral review. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004). Therefore, this court finds that Blakely and Booker do not apply to Smith's case.

### III. Conclusion

The court finds that the rule in Blakely does not apply to the United States Sentencing Guidelines. In addition, the court finds that Booker does not apply retroactively to Smith's case. Because Smith has not raised any other grounds for relief, the court must file and dismiss petitioner's motion.

An appropriate order will be entered herewith.

DATED: June 8, 2005.

Chief United States District Judge